UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENARA VONZELL MCDAVID                                                                PLAINTIFF

V.                                                                  CIVIL ACTION NO. 3:13-cv-632-FKB

TYRONE LEWIS                                                                             DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant's Motion for Summary Judgment.[1] [33] Having considered the record, the Court concludes that Defendant's motion is well-taken and is hereby granted.

BACKGROUND

Plaintiff filed this Section 1983 lawsuit challenging the conditions of his confinement at the Hinds County Detention Center in Raymond, Mississippi (HCDC). [2] The Court held an omnibus hearing[2] in this matter on April 30, 2014, at which Plaintiff and counsel for Defendant appeared. During the omnibus hearing, Plaintiff described his claim in more detail. [33-2]

Plaintiff alleges that he was subjected to unconstitutional conditions of confinement at the HCDC from August 23, 2013, until January 30, 2014. According to Plaintiff, his cell frequently flooded with six inches of water; the cell had no lights at all and exposed wiring; he was forced to sleep on an insufficient mat which caused him back pain; he was deprived of soap and toilet tissue for more than a week at a time on more than one occasion; he was denied a shower for days at a time on more than one occasion; and when he finally was allowed to go to

---

[1]The parties consented to the undersigned conducting all proceedings in this matter. [28]

[2]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

the shower area, it was moldy and had no lights. Other complaints include a lack of proper ventilation that allegedly led to Plaintiff developing a rash caused by mold, and food being slid under the door. Finally, Plaintiff claims that he was housed with violent offenders, though he was a non-violent, pretrial detainee. [33-2] At the hearing, Plaintiff testified that he submitted written grievances in accordance with the facility policy as to at least some of the matters raised in his Complaint. [33-2] at 30.

## EXHAUSTION

By his motion, Defendant contends, *inter alia*, that Plaintiff's claims must be dismissed for failure to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008)(stating that Fifth Circuit takes "a strict approach" to PLRA's exhaustion requirement). In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 741. The United States Supreme Court has reiterated this position, holding that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010).

In support of his motion, Defendant submitted a copy of HCDC Policy Number 4.03, Prisoner Grievance Procedures [33-5], as well as a copy of the Inmate Handbook, which

addresses grievances.[3]  [33-6] at 7.  Defendant also submitted a copy of Plaintiff's Inmate Records. [33-3]  Plaintiff has not submitted any evidence in support of his testimony that he complied with the grievance procedure.  The only documentary evidence of record regarding any grievance was submitted by Defendant and consists of Plaintiff's single written grievance stating that his cell flooded and it took two days for him to get a mop. [33-3] at 7.  Plaintiff filed no response to Defendant's Motion for Summary Judgment.

Plaintiff's inmate records reflect that his one written grievance, regarding flooding, was dated September 30, 2013.  [33-3] at 7.  The grievance is stamped as received by the grievance officer on October 1, 2013.  *Id.*  The grievance was rejected as a formal grievance and forwarded to the shift supervisor,  and Plaintiff was informed that a work order had been placed for the shower.  *Id.*  Plaintiff acknowledged at the omnibus hearing that he filed the flooding grievance on September 30, 2013, and he testified that he received a response to the grievance on November 21, 2013.  [33-2] at 30.

Plaintiff's inmate records do not indicate that he pursued the flooding matter any further.  Nor do the records reflect that Plaintiff submitted any grievance about any other matter raised in his complaint.

Plaintiff's original Complaint in this matter is dated September 17, 2013, before Plaintiff filed a grievance regarding flooding.  His complaint was filed with this Court on October 1, 2013, one day after Plaintiff filed his grievance and approximately eight weeks before he received a response to his grievance.

---

[3] Defendant submitted the Affidavit of Sheila McMillian in which she describes the grievance collection process. [33-4].

Plaintiff's complaint filed on October 1, 2013, was filed as a joint complaint with another prisoner. *See* Civil Action No. 3:13cv613-HTW-LRA at [1]. Pursuant to an Order Requiring Separate Complaints, this case was opened by Plaintiff's original complaint being refiled on October 8, 2013. [1,2].

Given the dates on Plaintiff's single written grievance, together with Plaintiff's testimony regarding when he received a response, the Court finds that Plaintiff did not exhaust his administrative remedies with respect to the flooding claim before filing suit. The Court's conclusion is the same no matter whether September 17, October 1, or October 8, 2013, is deemed the filing date. Exhaustion after suit has been filed is not sufficient. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Accordingly, the Court finds that Plaintiff has not exhausted the available administrative remedies with respect to any of his claims. The Complaint is therefore dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing, Defendant's motion is granted. The complaint in the above-styled action is dismissed without prejudice. A separate judgment will be entered.

SO ORDERED, this the 8th day of September, 2014.

/s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
